# EXHIBIT 1

# SUMMONS

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### District of St. Thomas and St. John

Hill International, Inc.
**Plaintiff**

vs

Virgin Islands Public Finance Authority, Office of Disaster Recovery
**Defendant**

Case Number: ST-2024-CV-

Action: TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

To: VIPFA, Office of Disaster Recovery c/o Kevin McCurdy, Executive Director

Address: 5033 KONGENS GADE, GOVERNMENT HILL, ST. THOMAS VI 00802

Within the time limited by law (see note below) you are hereby required to appear before this Court and answer to a complaint filed against you in this action. In case of your failure to appear or answer, judgment by default will be taken against you as demanded in the complaint.

Witness my hand and the seal of this Court this _____

/s/ Alex M. Moskowitz
(Attorney for Plaintiff)

Tamara Charles
Clerk of the Court
By: _____

**ALEX M. MOSKOWITZ, ESQ.** (V.I. Bar No.1072)
**STEFAN B. HERPEL, ESQ.** (V.I. Bar No.1019)
**DUDLEY NEWMAN FEUERZEIG LLP**
Law House - 1000 Frederiksberg Gade
P.O. Box 756
St. Thomas, VI 00804

Telephone: (340) 774-4422

E-Mail: amoskowitz@DNFvi.com
sherpel@DNFvi.com

NOTE: The defendant, **if served personally,** is required to file his answer or other defense with the Clerk of the Court, and to serve a copy thereof upon the plaintiff's attorney within twenty-one (21) days after service of this summons, excluding the date of the service. The defendant, if served by publication or by personal service outside of the jurisdiction, is required to file his answer or other defense with the Clerk of the Court, and to serve a copy thereof upon the attorney for the plaintiff within thirty (30) days after the completion of the period of publication or personal service outside of the jurisdiction.

# SUMMONS

RETURN OF SERVICE

I hereby certify that:

☐ I personally served the within summons by delivering a copy to _____.

☐ I hereby certify that _____ cannot be found nor has any abode in this district.

Dated: _____   _____
                                                        Marshal Deputy

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **HILL INTERNATIONAL, INC.**, | ) |
| Plaintiff, | ) CASE NO. ST-2024-CV-_____ |
| vs. | ) ACTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF |
| **VIRGIN ISLANDS PUBLIC FINANCE AUTHORITY**, **OFFICE OF DISASTER RECOVERY**, | ) |
| Defendant. | ) |

## COMPLAINT

## PARTIES AND JURISDICTION

Plaintiff **HILL INTERNATIONAL, INC.** ("Hill"), by and through its counsel, Dudley Newman Feuerzeig LLP, hereby files this Complaint seeking the specific relief of a Temporary Restraining Order and Preliminary Injunction. In support of its Complaint, Hill states as follows:

1. This Court has jurisdiction over this case pursuant to 4 V.I.C. §476.

2. Plaintiff is a corporation organized under the laws of the state of Delaware and is licensed to do business in the Virgin Islands and acts on behalf of and as a Virgin Islands taxpayers.

3. Defendant Virgin Islands Public Finance Authority ("VIPFA") is a public corporation and autonomous instrumentality of the Government of the Virgin Islands ("GVI") that was created pursuant to 29 V.I.C. § 918. As provided in section 918, the purpose of VIPFA is to "aid the Government of the Virgin Islands in the performance of its fiscal duties and the effective carrying out of

its governmental responsibility of raising capital for essential public projects." The Virgin Islands Office of Disaster Recovery ("ODR") describes itself as a "subsidiary division" of VIPFA.

4. Neither the VIPFA nor ODR is a procurement agency of the GVI.

5. The Charter of VIPFA, as set forth in 29 V.I.C. § 919, emphasizes that the purpose for which VIPFA was formed was principally to issue revenue bonds under the authority of the GVI.

## FACTUAL ALLEGATIONS

6. Hill is a global project and construction management firm providing program, project, and construction management services to clients worldwide. Hill has 100 offices in over 42 countries.

7. Hill learned in March 2024 that the Virgin Islands Public Finance Authority, Office of Disaster Recovery (collectively, "VIPFA/ODR") would be issuing a request for proposal ("RFP") to solicit proposals to qualified and licensed firms to provide project management and construction management services for federally funded disaster recovery projects in the Virgin Islands, as part of the Rebuild USVI Super Project Management Office.

8. When VIPFA/ODR announced that the RFP had been issued (as RFP 001-2024-STX/STT/STJ), on or about March 28, 2024, Hill requested the RFP from VIPFA/ODR, and received it. *See*, **Exhibit 1**[1].  VIPFA/ODR issued an addenda

---

[1] Hill has filed concurrently with this Complaint an Application for TRO and Preliminary and Permanent Injunction, along with the Declaration of Luis Lugo Jr., Hill's Senior Vice President, Federal, Resiliency & Disaster Recovery Market Sector Leader. The exhibits referred to in this Complaint and in the accompanying Application are attached to the Lugo Declaration.

to the RFP on or about May 3, 2024.  *See,* **Exhibit 2**.

9. The RFP explained that the Virgin Islands was the recipient of various federal grants to facilitate recovery from the devastation to private and public infrastructure caused by Hurricanes Irma and Maria, which struck the islands in September 2017. Those grants included FEMA (Federal Emergency Management Agency) grants, Community Development Block Grants from HUD ("Housing and Urban Development"), and others.  *See,* Exhibit 1, p. 1.

10. The scope of work was for project management and construction management of $16.7 billion in recovery construction, including but not limited to schools, office buildings, roads, drainage systems, essential services facilities, health care centers and clinics, and other infrastructure, over a period of several years.  *See,* Exhibit 1, p. 2.

11. The RFP further provided that the RFP would result in an award of at least two contracts, by asserting that "a <u>minimum of two (2) contractors</u>… will be utilized for Project Management Services or Delivery and Construction Management Services."  *See,* Exhibit 1, p. 2 (emphasis added).

12. On May 23, 2024, Hill timely responded to the RFP with a comprehensive 398-page proposal to perform both Project Management and Delivery and Construction Management Services for a total sum of $30,288,984.64. *See,* **Exhibit 3**, p. 217.

13. VIPFA/ODR invited Hill to participate in an interview on June 17, 2024, and Hill

was interviewed on June 21, 2024. *See,* **Exhibits 4** and **5**.

14. By an August 15, 2024, letter signed by Nathan Simmonds, its Director of Finance and Administration, VIPFA notified Hill that it had not been selected for award, and that CH2M Hill, Inc. ("CH2M") had been awarded a single contract for both Project Management and Construction Management Services. The Notice of Non-Award provided no explanation of the decision to award one contract, rather than the two or more as specified in the RFP, and it offered no details on why CH2M was selected over Hill. *See,* **Exhibit 6**.

15. Also on August 14, local U.S. Virgin Islands media reported that on Thursday, August 13, 2024, the VIPFA board had voted to approve a 3-year $137,000,000.00 project management contract with CH2M. *See,* **Exhibit 7**.

16. On the next day, August 16, Hill requested a debrief meeting to learn why it had not been selected for at least one of the contemplated Project Management and Construction Management contracts. *See,* **Exhibit 8**.

17. On August 20, having not received a response to the request for a debrief, Hill once again requested a meeting. *See,* **Exhibit 9**. Director Simmonds responded that he would debrief at the appropriate time. *See,* **Exhibit 10**.

18. On August 21, Hill emailed a letter to Michadia Veira, VIPFA's Procurement and Contracts Manager, once again requesting a debrief meeting. *See,* **Exhibit 11**.

19. On August 26, VIPFA's Simmonds emailed a letter to Hill arranging for a debrief meeting via Microsoft Teams. *See,* **Exhibit 12**. He also provided the Evaluation Report prepared by the Evaluation Committee that evaluated proposals and

made the award decision. *See,* **Exhibit 13**.

20. The Evaluation Report showed that Hill's bid scored highest of all as to "cost effectiveness," and second highest overall of the nine participating bidders. *Id*.

21. The Microsoft Teams debrief meeting took place just before Labor Day weekend on the morning of Friday, August 30, and was attended by Adrienne Williams-Octalien, the Director of ODR, Attorney Kye Walker (introduced as the general counsel for VIPFA), Michadia Veira, VIPFA's Procurement and Contracts Manager, Tawana Nicholas from DPW, and by various representatives of Hill, including Chad Freeman, Luis Lugo, Jane Penny, Mark Blanchard, Pete Gaynor and Elise Greenspan.

22. At the meeting, Director Williams-Octalien declined to answer questions about why a single contract was awarded rather two or more, as required by the RFP. She did advise that CH2M's bid was for $137,000,000, which is higher than Hill's bid by the staggering sum of $**106,711,015.36 (One Hundred Six Million, Seven Hundred Eleven, Fifteen and 36/100 Dollars)**.

23. Director Williams-Octalien incongruously said that CH2M's proposal represented the "best value". Questions to the Director about Hill's scoring in the Evaluation Report went unanswered on advice of Attorney Walker.

24. Hill has since learned that three of the five Evaluation Committee members – namely, Tawana Nicholas, Derek Gabriel, and Jomo McClean– are employees of the Virgin Islands Department of Public Works ("DPW"). CH2M's parent is Jacobs Solutions, Inc. ("Jacobs"), and Jacobs has two employees who work for DPW at DPW's offices, this creates an impermissible conflict of interest.

25. VIPFA/ODR's decision to award the contract to CH2M, and to deny the award to Hill is arbitrary, capricious and an abuse of discretion, and contrary to both federal and Virgin Islands procurement law.

26. On September 3, 2024, Hill emailed and hand-delivered a letter to Director Williams-Octalien, advising that the award to CH2M was legally untenable and Hill would have no other option other than to bring the instant litigation seeking a preliminary injunction to enjoin VIPFA/ODR from entering a contract with CH2M or having it perform work under any such contract. To avoid the necessity of litigation, Hill requested another meeting after Labor Day to conduct an open dialogue about the treatment of its proposal. *See,* **Exhibit 14**.

27. VIPFA/ODR has not responded in any way to Hill's September 2 letter, thereby necessitating the brining of the instant lawsuit.

28. VIPFA's improper procurement practices, including conflict of interest transactions, waste/misuse of funds, and failure to establish procurement rules have been the subject of outside scrutiny since 2002 when they were audited and then audited again in 2017 by the US Office of the Inspector General, Department of the Interior ("IG Report"). *See,* Exhibit 14, IG's Report re: VIPFA Procurement Practices.

29. The IG's Report concluded in 2017 that:

> "Since its creation in 1988, the Board of Directors charged with oversight and leadership at the Government of the U.S. Virgin Islands' (GVI) Public Finance Authority (PFA) has operated without proper controls that would ensure transparency and accountability. We Audited the PFA at the request of the Virgin Islands Legislature

and found deficiencies that place millions of dollars at risk for fraud, waste, and mismanagement:

- PFA did not have internal controls over its operations, including written operating policies and procedures for its employees to follow. PFA's failure to implement and adhere to a system of internal controls has created an environment where errors and potential conflicts of interest flourish.

- PFA has not managed its budgeted funds and bond proceeds appropriately, nor has it complied with current laws and regulations.

"PFA did not maintain sufficient internal controls to safeguard assets and did not provide reasonable assurance that financial transactions and related reports were accurate, as evidenced by the $50 million in financial reporting discrepancies, nine potential conflicts of interest, and $101.1 million in questionable expenditures we found during our fieldwork. Operating without strong internal controls has also contributed to longstanding deficiencies in PFA's contracting and procurement practices, which have placed millions of dollars at risk for fraud, waste, and mismanagement. In addition, PFA did not perform its duties in accordance with contract terms and conditions, the V.I.C., the U.S. Internal Revenue Code, and PFA board resolutions." *id at pgs. 7 and 10 respectively.*

30. Upon information and belief, VIPFA has still not implemented the controls nor remedied the issues highlighted in the IG's Report as the exact same deficiencies exist with VIPFA awarding the instant contract to CH2M.

31. Hill is entitled to immediate injunctive relief in the form of a TRO initially and then a preliminary injunction because the award of the bid to CH2M, rather than

to Hill violated federal and Virgin Islands procurement law. Hill, and not CH2M, should have been awarded the contract to provide project management and construction management services, because, *inter alia*:

   a. the CH2M bid was $107,000,000 [$107 million] greater than the Hill bid, a disparity so great as to establish on its face that the award to CH2M was arbitrary and capricious;

   b. the Evaluation Committee decision to award one contract for the scope of work defined by the RFP contravened the provision of the RFP requiring the award of at least two contracts for that scope of work, which also renders the award arbitrary and capricious;

   c. the decision to award a single contract to CH2M was tainted by the conflict of interest described above.

32. Unless the immediate injunctive relief is granted, Hill and Virgin Island taxpayers will suffer immediate and irreparable harm, because the law does not allow recovery of damages for Hill's loss of profits and this business opportunities resulting from an unlawful procurement decision.

33. Neither VIPFA/ODR nor the public will be harmed by the granting of the injunctive relief requested. This RFP contemplates project management and construction management over a wide range of projects totaling $16.7 billion dollars over the coming years. Because of the vital importance of this work to the quality of life and economic prosperity of the Virgin Islands and its residents, it is crucial that the decision on which company or companies are chosen to perform that work comply with the law. VIPFA/ODR acknowledges that Hill is

a qualified and responsible bidder and fully capable of doing the work.

34. The above factors and the strong public interest in the integrity of the procurement process also favors the granting of the temporary, preliminary and permanent injunctive relief requested.

35. An Application for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction which is being filed with the Court together with this Complaint and the Declaration of Luis Lugo, Jr., and the exhibits appended thereto. The Application and Declaration, including the exhibits appended to the Declaration, are incorporated by reference in this Complaint.

## COUNT I

## HILL IS ENTITLED TO DECLARATORY JUDGMENT

36. Hill incorporates the allegations contained in paragraphs 1-35.

37. A justiciable controversy exists between Hill and VIPFA/ODR regarding the award of the bid to CH2M instead of Hill.

38. Hill is entitled to a declaration that VIPFA/ODR's decision violated applicable federal and Virgin Islands procurement law. Among other federal procurement regulations, the decision violated 2 CFR § 200.319(b)(7), which prohibits "[a]ny arbitrary action in the procurement process" by the non-federal procurement entity and 2 CFR 200.318(k), which requires the non-federal procurement entity to exercise "sound business judgment" in its procurement practices; 2 CFR § 200.318(c)(1), which forbids the non-federal procurement entity from involving persons with a "a real or apparent conflict of interest" in procurement decisions and 2 CFR § 200.319(b)(5), which forbids a non-federal procurement entity

from making a procurement decision tainted by an "organizational conflict of interest."

39. Moreover, VIPFA/ODR violated VI law by going well beyond its charter and improperly exercising procurement powers for a major project, a power that belongs exclusively to the Department of Property and Procurement ("P&P"), a GVI agency with the statutory authority and responsibility under Chapter 23 of the Virgin Islands to procure goods and services for the executive branch departments and certain autonomous instrumentalities of the GVI, including VIPFA/ODR. There is no indication in the RFP that VIPFA/ODR was given the special authorization needed for it to conduct a procurement that would ordinarily be the exclusive responsibility of P&P. Among other P&P rules that VIPFA/ODR failed to observe is the cardinal rule of P&P's procurement manual that all members of an Evaluation Committee "shall be free of conflicts of interest."

40. Hill is entitled to a declaration that in a properly conducted procurement, it was entitled to be selected as the awardee as its conforming bid was not tainted by the appearance of a conflict of interest and did not unnecessarily waste VI funds.

## COUNT II

## **HILL IS ENTITLED TO IMMEDIATE INJUNCTIVE RELIEF**

41. Hill incorporates the allegations contained in Paragraphs 1-40 as though set forth herein.

42. Hill has established a strong likelihood of success on the merits.

43. But for violations of the applicable law, HIll would have won the award and would soon be realizing the monetary benefits thereof.

44. Unless temporary, preliminary and permanent injunctive relief is granted, and performance of CH2M's award and/or contract is immediately enjoined, Hill will be immediately and irreparably harmed by being deprived of profits and this business opportunity to which it is entitled.

45. Neither the Government nor the public will be harmed if the temporary, preliminary and permanent injunctive relief is granted, as VIPFA/ODR acknowledges that Hill is a responsible bidder and is eminently qualified to do the work described in the RFP. Indeed, just to the contrary, the public interest mandates emergency injunctive relief here.

46. The public has an overriding interest in maintaining the integrity of the procurement process, in the avoidance of arbitrary procurement decisions, in the granting of exorbitant awards that benefit private companies at the expense of the Virgin Islands, and in ensuring that procurement decisions are made fairly and in accordance with the applicable law.

## COUNT III

## TAXPAYER SUIT UNDER 5 V.I.C. § 80

47. Plaintiff incorporates paragraphs 1 through 46.

48. VIPFA/ODR has a duty to prevent "the wrongful disbursement of territorial funds."

49. VIPFA/ODR improperly awarded the contract to CH2M, which will result in the wrongful disbursement of Territorial funds.

50. VIPFA/ODR failed to comply with the applicable procurement rules or acted *ultra vires* when it awarded the CM/PM contract to CH2M who bid nearly $107,000,000 dollars higher than all of the other bidders including Plaintiff.

51. VIPFA/ODR acted with an appearance of impropriety/conflict of interest, is attempting to waste nearly 107,000,000 dollars of money allocated for the benefit of Virgin Islanders and has failed to comply with the express terms of the RFP by only awarding a single contract for Project Management and Construction Management.

52. As a result, the taxpayers of the Virgin Islands will be, and have been, damaged by VIPFA/ODR's action to award CH2M the contract and cause a "wrongful disbursement of territorial funds," and it must be enjoined.

## REQUESTS FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

i. A temporary restraining order, temporarily restraining VIPFA/ODR from executing any contract with CH2M, and restraining any performance of any contract improperly awarded to CH2M, until this Court decides the motion for preliminary injunctive relief;

ii. A preliminary injunction restraining and/or enjoining VIPFA/ODR from performance of the contract improperly awarded to CH2M until this Court decides whether permanent injunctive relief is warranted, and determines the merits of Plaintiff's complaint;

iii. A declaratory judgment that VIPFA/ODR's award of the project management and construction management contract to CH2M and the failure to award the contract to Hill was unlawful;

iv. A preliminary and permanent injunction enjoining VIPFA/ODR from entering (or permitting performance under) any contract to provide project management and construction management services with any entity other than Hill; and

v. Any such other and further relief as this Court deems just and proper.

Respectfully submitted,

**DUDLEY NEWMAN FEUERZEIG LLP**

**DATED**: September 10, 2024

By: /s/ Alex M. Moskowitz
**ALEX M. MOSKOWITZ** (V.I. Bar # 1072)
**STEFAN B. HERPEL** (V.I. Bar # 1019)
Law House - 1000 Frederiksberg Gade
P.O. Box 756
St. Thomas, U.S.V.I.  00804-0756
Telephone: (340) 774-4422
E-Mail: amoskowitz@DNFvi.com
sherpel@DNFvi.com

*Attorneys for Plaintiff*

R:\DOCS\8227\1\PLDG\34Y538602.DOCX